**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**MONTGOMERY DIVISION**

| | | |
|---|---|---|
| ALESIA SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION CASE NUMBER: |
| v. | ) | |
| | ) | |
| VISCOFAN USA, INC., | ) | |
| | ) | |
| Defendant. | ) | PLAINTIFF DEMANDS A TRIAL |
| | ) | BY STRUCK JURY |

# COMPLAINT

## JURISDICTION AND VENUE

1. This is an employment discrimination action in which the Plaintiff, Alesia Simmons, alleges that the Defendant, Viscofan USA, Inc., violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 the Americans with Disabilities Act, and the Age Discrimination in Employment Act.

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper because the Defendant employed the Plaintiff in Montgomery County, Alabama which is part of the Montgomery Division of the Middle District of Alabama.

## PARTIES

4. The Plaintiff, Alesia Simmons, is an adult resident of the State of Alabama.

5. The Defendant, Viscofan USA, Inc. ("Viscofan"), employed plaintiff in Montgomery, Alabama.

## ADMINISTRATIVE REMEDIES

6. Date of actions challenged in EEOC Charge.

7. On September 9, 2025, Simmons filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

8. On July 29, 206, the EEOC issued a Notice of Right to Sue

9. Simmons filed this action within 90 days of the EEOC issuing her the right to sue.

## FACTUAL BACKGROUND

10. Viscofan employed Simmons as an Environmental Health and Safety (EHS) Manager.

11. Simmons was over the age of 40.

12. Simmons was born in the United States.

13. Simmons race is white.

14. Simmons was the only American Safety Manger employed by Viscofan where she worked during her employment.

15. Simmons observed and experienced that Viscofan treated her Hispanic colleagues better than her and other non-Hispanics with respect to vacation, personal leave, and other employment benefits and conditions.

16. Simmons' office was contaminated with black mold, posing a significant health risk.

17. Viscofan denied Simmons repeated requests to be relocated to one of the vacant offices.

18. Vicofran moved a Hispanic manager into an empty office, even though their prior office was in good condition. The black mold in my office exacerbated my pre-existing health conditions.

19. Despite Simmons notifying Viscofan's management of the adverse impact on her health, no accommodation was provided.

20. Viscofan required Simmons to continue working in a hazardous environment.

21. Viscofan assigned Simmons tasks outside of her job role, such as cleaning breakrooms and teaching hygiene practices to employees. These responsibilities were not imposed on Simmons Hispanic counterparts.

22. Simmons raised concerns about discrimination and unsafe working conditions to her direct supervisor, Diego Moreau, as well as to other members of management, including the Corporate Safety Director and Regional HR Manager.

23. Simmons did not observe any corrective action was taken.

24. After reporting the unprofessional and unethical behavior of a colleague, Kristen, including drug use and theft, SImmons faced further hostility.

25. Another colleague, Gabriel, told Simmons he could make things "easy or very hard" for me.

26. The black mold in my office exacerbated Simmons' pre-existing health conditions.

27. Despite notifying management of the adverse impact on her health, no accommodations were made, and I was forced to continue working in the hazardous environment.

28. Simmons observed and experienced what she believed to be discrimination which Viscofan did not address.

29. Simmons resigned in May 2025.

30. Simmons viewed her resignation as a constructive discharge.

**COUNT I**
**RACE/NATIONAL ORIGIN DISCRIMINATION**
**TITLE VII**

31. For purposes of context, Simmons adopts and incorporates the facts set forth above.

32. Viscofan treated Simmons differently with respect to terms and conditions of employment, including benefits, than Hispanic employees and/or employees from Spain.

33. Simmons's race and/or national origin was a motivating factor in the Defendant's decision to treat Simmons differently than Hispanic and/or Spanish colleagues.

34. Simmons race and/or national origin was a motivating factor in her constructive discharge.

35. The Defendant's conduct injured Simmons.

WHEREFORE, PREMISES CONSIDERED, Simmons requests this Court enter a judgment against Viscofan USA, Inc. under Title VII of the Civil Rights Act of 1964, as amended, pursuant to an Order by which this Court:

a. Awards compensatory damages to be determined by the trier of fact;
b. Awards punitive damages to be determined by the trier of fact;
c. Awards nominal damages to be determined by the trier of fact;
d. Awards injunctive and equitable relief including, but not limited to, training, backpay, reinstatement and/or reasonable front pay, and modification of Simmons's personnel file(s);

e. Awards that relief which is fair, reasonable, and just;

f. Awards costs against Viscofan USA, Inc. including a reasonable attorney's fee.

**COUNT II**
**AGE DISCRIMINATION**
**ADEA**

36. For purposes of context, Simmons adopts and incorporates the facts set forth above.

37. Viscofan treated Simmons differently with respect to terms and conditions of employment, including benefits, than her colleagues who were substantially younger than her.

38. Simmons experienced a constructive discharge because of her age.

39. The difference in treatment was because of Simmons's age.

40. The Defendant's conduct injured Simmons.

WHEREFORE, PREMISES CONSIDERED, Simmons requests this Court enter a judgment against Viscofan USA, Inc. under the Age Discrimination in Employment Act, pursuant to an Order by which this Court:

a. Awards backpay damages to be determined by the trier of fact;

b. Awards liquidated damages;

c. Awards injunctive and equitable relief including, but not limited to, training, backpay, reinstatement and/or reasonable front pay, and modification of Simmons's personnel file(s);

d. Awards that relief which is fair, reasonable, and just;

e. Awards costs against Viscofan USA, Inc. including a reasonable attorney's fee.

**COUNT III**
**FAILURE TO ACCOMMODATE**
**AMERICANS WITH DISABILTIES ACT**

41. For purposes of context, Simmons adopts and incorporates the facts set forth above.

42. Simmons is limited in the major life activity of breathing.

43. Viscofan required Simmons to work in an office where there was mold.

44. The mold exacerbated Simmons breathing problems.

45. There were empty offices to which Viscofan could have allowed Simmons to move.

46. Simmons requested the accommodation of moving to an empty office.

47. Viscofan denied Simmons the accommodation she requested.

48. Viscofran's denial of Simmons requested accommodation caused her constructive discharge.

49. The Defendant's conduct injured Simmons.

WHEREFORE, PREMISES CONSIDERED, Simmons requests this Court enter a judgment against Viscofan USA, Inc. the Americans with Disabilities Act, as amended, pursuant to an Order by which this Court:

a. Awards compensatory damages to be determined by the trier of fact;
b. Awards punitive damages to be determined by the trier of fact;
c. Awards nominal damages to be determined by the trier of fact;
d. Awards injunctive and equitable relief including, but not limited to, training, backpay, reinstatement and/or reasonable front pay, and modification of Simmons's personnel file(s);
e. Awards that relief which is fair, reasonable, and just;
f. Awards costs against Viscofan USA, Inc. including a reasonable attorney's fee.

**COUNT IV**
**RETALIATION**
**TITLE VII, ADEA, and ADA**

50. For purposes of context, Simmons adopts and incorporates the facts set forth above.

51. Simmons engaged in activity protected by Title VII, the ADEA, and ADA when she complained of discrimination.

52. Defendant retaliated against Simmons when it subjected her to heightened scrutiny, hostility, threats that her job could be made easy or hard, and forced to work in a toxic office.

53. Defendant's actions were intended to punish Simmons for engaging in protected activity as well as to discourage and dissuade further protected activity.

54. Defendant's actions injured Simmons.

WHEREFORE, PREMISES CONSIDERED, Simmons requests this Court enter a judgment against Viscofan USA, Inc. under Title VII of the Civil Rights Act of 1964, as amended, the ADEA, and/or the ADA pursuant to an Order by which this Court:

a. Awards compensatory damages to be determined by the trier of fact;
b. Awards punitive damages to be determined by the trier of fact;
c. Awards nominal damages to be determined by the trier of fact;
d. Awards injunctive and equitable relief including, but not limited to, training, backpay, reinstatement and/or reasonable front pay, and modification of Simmons's personnel file(s);
e. Awards that relief which is fair, reasonable, and just;
f. Awards costs against Viscofan USA, Inc. including a reasonable attorney's fee.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

/s/ Heather Newsom Leonard
Heather Newsom Leonard
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, PC
1023 Edenton Street
Birmingham, AL 35242
(205) 977-5421
Heather@HeatherLeonardPC.com

**SERVE THE DEFENDANT VIA CERTIFIED MAIL:**

Viscofan USA, Inc.
Corporation Service Company
641 South Lawrence Street
Montgomery, AL 36104